Zimmerman, J.,
concurring. I concur in the judgment of reversal, but prefer to base my concurrence on grounds other than those stated in the majority opinion.
This is an action in tort based on negligence to recover damages from an insurer. Undisputed facts are that the application for the policy of insurance was made to a local agent at West Unity, Ohio, on Wednesday, August 30, 1950. It was promptly transmitted to the general agent of the insurer at Toledo and arrived Friday, September 1. That same day the general agent forwarded the application to the home office of the insurer in Chicago. In accordance with the generally prevailing custom, the home office was closed on Saturday and Sunday, September 2 and 3. Monday, September 4, was Labor Day, a legal or public holiday, and the home office was likewise closed on that day. On Tuesday, September 5, the application was *25 stamped “Received,” and thereupon, in conformity with standard practice, examination and processing of the application immediately began. The policy was issued on September 8 and by its terms became fully effective on such date.
In the circumstances described, any evidence of unreasonable delay in handling the application and in issuing the policy is absent. Because of the nature of the action and under the allegations of the amended petition, it was incumbent on the plaintiff to show negligence on the part of the insurer to sustain any right of recovery he might have. As a matter of law, there was a failure of proof in this respect, and the trial court properly directed a verdict for the defendant.